Dunkin, Ch.
delivered the opinion of the Court.
It is true that the bond adduced, is not the bond of Mrs. Prin-gle, but of the trustee. Yet the bill sets forth expressly, that by what is called the consent decree of May 1841, Mrs. Pringle became the purchaser of her husband’s estate, and undertook, among other things, to pay his four children $17,701 64, as the amount of their shares, and that she executed a bond to William *358 Ravenel for his wife’s share, ($4,425 41,) which was afterwards assigned by him to J. R. Pringle, as trustee of his marriage settlement. The answer made no issue on this allegation. On reference to the Master’s report, which constituted the basis of the decree of May, 1841, in schedule No. 3, (c) Mrs. Pringle is made the purchaser of certain property, and charged with the pajunent of $17,701 66, as the balance due to the children. Among the property, of which Mrs. Pringle is thus set down as the purchaser, is the Cannonsborough House, valued at $24,000, and the plantations on Santee, valued at $42,000. In her will, Mrs. Pringle devises the first, as “ my house in Cannonsborough, where I reside,” and the second she devises to her four children, as “ my plantation and all my lands on Santee River, in the parishes of Prince George, Winyaw, and St. James, Santee and she afterwards provides, that these, and the other beneficial interests under her will, shall be taken, by her several devisees, in full satisfaction of any demand on herself, or her estate, or the estafe of her deceased httsband.
It is nevertheless true, that, although the Master recommended the adjustment set forth in schedule No. 3, and this recommendation was approved and confirmed by the Court, in the decree of May, 1841, yet the same decree recommends, that the Master convey this same property to James R. Pringle, who had been substituted for the original trustee to the marriage settlement of *359 1807, and it further directs, that the trustee shall pay out of the trust estate the $17,701 66, due to the children of James R. Pringle, deceased. Accordingly, instead of a bond from Mrs. Pringle, to William Ravenel, as set forth in the bill, a bond was executed by James R. Pringle, trustee under the marriage settlement of Mrs. Pringle, to himself as trustee to the marriage settlement of William Ravenel and wife, for $4,425 41, in obedience (as is recited) to the decree of May, 1841. It need hardly be said, that this decree, as well as every thing done under it, is the act of the parties themselves. But it is evident, that the property purchased by Mrs. Pringle, and for which this sum of $17,701 66, was in part the consideration, became, by the declaration of the decree, part of the trust estate under the marriage settlement, and her trustee was directed to pay the amount out of the trust estate, and so it is admitted, or rather stated, in the defendant’s answer. In her will, Mrs. Pringle seems not to have distinguished very precisely between her own estate, and the estate held under the marriage settlement. But, by the terms of the settlement, she was authorised to dispose of the estate among her children in such proportions as she thought fit. Each of the four children had a claim of four thousand four hundred dollars on the estate which she had purchased. The trust estate was augmented by the transfer of this property, and the trustee charged with the paymént of that debt. Mrs. Prin-gle’s will, substantially, declares that the share devised to each shall be received discharged of the incumbrances held by them mutually. This is no more than a legitimate exercise of the discretion vested in her under the power of appointment.
The only question presented by the grounds of appeal, or argued by the counsel, was in relation to the bond of 29 May, 1841. This bond is the creature of the decree of the same date. Mrs. Pringle may well have regarded this as a claim on her “ estate ” as she so treats the property from which this bond was to be paid. But the intention cannot be mistaken. Regarding the bond, however, as that of the trustee, and the property devised as part of the trust estate, a case of satisfaction, and not *360 of election, is presented. In devising the property, which by the decree was made part of the trust estate, the testatrix declares that it shall be taken by the several devisees, discharged of the respective liens created by that decree. This operates a satisfaction of the bond. It is an appointment to each of so much of the estate less the incumbrance. Such is the manifest object of the testatrix, and so much she was fully competent to do under the settlement of 1807.
The decree of the circuit Court is affirmed.
Dakgan and Wardlaw, CC., concurred.

Decree affirmed.

 Schedule No. 3, accompanying the Master’s report, is as follows:
Schedule No. 3.
ADJUSTMENT WITH MRS. PRINGLE.
Dr.
To Santee Plantation, - - $42,000 00
“ Cannonsboro’ House - - 24,000 00
“ 42 Negroes, $400, - - 17,200 00
Or.
By property due her, as by Schedule No. X, - - - $36,000 11
By one third of Mr. Prin-gle’s estate, by Schedule
No. 2,. 13,429 82
By debts of estate, assumed
by Mrs. P., - - - - 16,968 41
$65,498 34
Balance, 17,701 66
$83,200 00 $83,200 00
To balance due by Mrs. Pringle to estate of Mr, P, ----- - $17,701 66"